EUBANKS v. THE STATE.

Betting at cards is indictable under the 16th section of the 8th article of the act concerning crimes and punishments.

ERROR from the circuit court of Cooper county.

*Hayden & Wilson,* counsel for plaintiff in error.

*Napton,* (attorney general,) for the State.

McGIRK, Judge, delivered the opinion of the court.

Eubanks was indicted by the grand jury of Cooper county for gaming contrary to the statute. The indictment charges that on the first day of January, 1838, the plaintiff in error did unlawfully bet the sum of five dollars at and upon a certain game of chance, then and there played, called cards, and played at and upon a certain gambling device, called cards, adapted, devised and designed for the purpose of playing games of chance for money and property, against the statute, &c. To this indictment the defendant, Eubanks, demurred. The circuit court overruled the demurrer and gave judgment for the State.

For the plaintiff in error, Messrs. Hayden & Wilson insist, that betting on a game at cards is not within the statute prohibiting gaming. By the 15th section of the 8th article of the act respecting crimes and punishments. (Rev. Code, 207,) it is declared, that "every person who shall set up or keep any table or gambling device, commonly called A. B. C., Faro Bank, E. O., Roulette, Equality, or any kind of gaming table, or gambling device, and designed for the purpose of playing any game of chance for money or property, and shall induce, entice, or permit any person to bet or play at or upon any such gaming table or gambling device," &c. This section then points out several sorts of gambling devices which it forbids to be kept; then forbids in general words the keeping or setting up all and every kind of gambling device, designed for playing games of chance, with or upon, for

money; then it imposes a penalty on the setters up and keepers of such devices, tables, &c.

The 16th section provides that "every person who shall bet any money or property, or play at or upon any gaming table, bank or device, prohibited by the preceding section, or who shall bet upon or play at any game played at or by means of any such gaming table, bank or other device, shall be find," &c.

One argument of the plaintiff's counsel is, that "the words of the 16th section cannot be carried beyond the specifications of tables, banks, &c. in the 15th section; and such gambling devices as are of like description in point of conformation or principal, and they utterly reject the general words in the 15th section, or any kind of gambling device adapted, designed, &c. for playing games of chance upon." And also, they reject the like words in the 16th section, prohibiting betting and playing on or with such devices. These words they say, by reason of their generality, mean nothing, and no offence can be predicated on them.

It seems to me this sort of argument is entirely worn out. If I mistake not, there have been at least three or four decisions of this court on such general words of the description contained in this statute, and always giving effect to such words. In my opinion, the words in the 16th section are more general and comprehensive than those in the 15th, for, after mentioning that class specially described in the 15th section, by the description of tables, banks, E. O., &c. it says, or "*other device.*" This means all devices of every kind, quality or principle which have capacity to be the instruments of playing games of chance upon or with. But it is argued, as cards were mentioned in the old act of 1825—see Rev. Code, 1825, 310, sec. 88–9, and omitted in the act of 1835, it must be intended the legislature did not intend to include cards. My opinion is, that if cards had not been mentioned in the old act, the general words are large enough to embrace cards under the general description—*gambling device of any kind whatever;* so in this case, the general prohibition extends to all devices which are capable, when operated upon, to produce games of chance. Cards, as I believe, are as much so as any device yet devised. I am unwilling that it should any longer be supposed that the legislature are incapable of framing an act sufficiently large and guarded to punish those who patrol the country to steal from the hand of industry its scanty re-

Betting at cards is indictable under the 16th sction of the 8th article of the act concerning crimes and punishments.

ward, under the pretence of having won the same by the result of an honorable game of chance.

I therefore conclude the plaintiff in error was well indicted, and that the indictment in this case is good in form and substance. The other judges concurring herein, the judgment of the circuit court is affirmed with costs.