## THE UNITED STATES v. EPHRAIM BRIGGS.

On the 2d of March, 1831, Congress passed an act (4 Statutes at Large, 472), entitled "An act to provide for the punishment of offences committed in cutting, destroying, or removing live-oak or other timber or trees, reserved for naval purposes."

The act itself declares, that every person who shall remove, &c., any live-oak or red-cedar trees, or other timber, from any other lands of the United States, shall be punished by fine and imprisonment.

The title of the act would indicate that timber reserved for naval purposes was meant to be protected by this mode, and none other. But the enacting clause is general, and therefore cutting and using of oak and hickory, or any other description of timber trees from the public lands, is indictable, and punishable by fine and imprisonment.

THIS case came up from the Circuit Court of the United States for Michigan, upon a certificate of division in opinion between the judges thereof. It was before the court, and reported in 5 Howard, 208, and sent back because the point was not distinctly certified.

On the 2d of March, 1831, Congress passed the following act (4 Stat. at Large, 472):—

" An Act to provide for the punishment of offences committed in cutting, destroying, or removing live-oak or other timber or trees, reserved for naval purposes.

" Sec. 1. That if any person or persons shall cut, or cause or procure to be cut, or aid, assist, or be employed in cutting, or shall wantonly destroy, or cause or procure to be wantonly destroyed, or aid, assist, or be employed in wantonly destroying, any live-oak or red-cedar tree or trees, or other timber, standing, growing, or being on any lands of the United States, which, in pursuance of any law passed or hereafter to be passed, shall have been reserved or purchased for the use of the United States, for supplying or furnishing therefrom timber for the navy of the United States; or if any person or persons shall remove, or cause or procure to be removed, or aid or assist or be employed in removing, from any such lands which shall have been reserved or purchased as aforesaid, any live-oak or red-cedar tree or trees, or other timber, unless duly authorized so to do by order in writing of a competent officer, and for

the use of the navy of the United States; or if any person or persons shall cut, or cause or procure to be cut, or aid or assist, or be employed in cutting, any live-oak or red-cedar tree or trees, or other timber on, or shall remove, or cause or procure to be removed, or aid or assist or be employed in removing, any live-oak or red-cedar trees, or other timber, from any other lands of the United States, acquired or to be hereafter acquired, with intent to export, dispose of, use, or employ the same in any manner whatsoever, other than for the use of the navy of the United States; every such person or persons so offending, on conviction thereof before any court having competent jurisdiction, shall, for every such offence, pay a fine not less than triple the value of the tree or trees or timber so cut, destroyed, or removed, and shall be imprisoned not exceeding twelve months.

" Sec. 2. That if the master, owner, or consignee of any ship or vessel shall knowingly take on board any timber cut on lands which shall have been reserved or purchased as aforesaid, without proper authority, and for the use of the navy of the United States; or shall take on board any live-oak or red-cedar timber cut on any other lands of the United States, with the intent to transport the same to any port or place within the United States, or to export the same to any foreign country, the ship or vessel on board of which the same shall be taken, transported, or seized, shall, with her tackle, apparel, and furniture, be wholly forfeited to the United States, and the captain or master of such ship or vessel wherein the same shall have been exported to any foreign country, against the provisions of this act, shall forfeit and pay to the United States a sum not exceeding one thousand dollars.

" Sec. 3. That all penalties and forfeitures incurred under the provisions of this act shall be sued for, recovered, and distributed and accounted for, under the directions of the Secretary of the Navy, and shall be paid over, one half to the informer or informers, if any, or captors where seized, and the other half to the Commissioners of the Navy Pension Fund for the use of the said fund; and the commissioners of the said fund are hereby authorized to mitigate in whole or in part, and on such terms and conditions as they shall deem proper, and order in writing, any fine, penalty, or forfeiture incurred under this act."

In June, 1846, the grand jury of the United States in Michigan indicted Ephraim Briggs for entering upon the public lands and cutting twenty white-oak trees and twenty hickory trees, &c.

The defendant at first demurred, but afterwards pleaded not

The United States *v.* Briggs.

guilty, and the case went to trial. The jury found him guilty. The defendant then moved in arrest of judgment, and to set aside the verdict, for the following reasons : —

First. Because the facts set forth in the indictment in this cause do not constitute a criminal offence, punishable by indictment, under the statutes of the United States.

Second. Because, under the statutes of the United States, trespass on the public lands, by cutting timber thereon, is in no case an offence punishable criminally by indictment, but is a mere civil trespass, and as such punishable only by action of trespass at common law, or debt on the statute.

Third. Because the said indictment does not aver, nor was there any evidence to show, that the lands on which said timber was cut was reserved or set apart for naval purposes, according to the provisions of the statutes of the United States.

Fourth. Because there was no proof on the trial of the said cause that the timber cut consisted of live-oak or red-cedar trees, nor is there any averment in said indictment that any such trees were cut on the lands described in said indictment.

Fifth. Because such verdict is contrary to evidence and the charge of the court.

### *Division of Opinion.*

" The United States of America *v.* Ephraim Briggs.

" The motion of defendant in arrest of judgment, and for a new trial in the case, coming on to be heard, and the same having been argued by counsel on either side, the opinions of the court were opposed as to the point, ' whether the offence charged and set forth in the indictment, of cutting, removing, or using for any other than naval purposes, any trees or timber standing, growing, or being on any lands belonging to the United States, whether reserved for naval purposes or not, is, under the statutes of the United States, an indictable offence, and punishable by fine and imprisonment.'

" And it is ordered and directed, that this cause be certified to the Supreme Court of the United States on the indictment and trial, and the motion in arrest of judgment and for a new trial in the case, in pursuance of the act of Congress in such case made and provided."

The case was argued for the United States by *Mr. Johnson* (Attorney-General), no counsel appearing for the defendant. He contended, —

1. That the said acts constitute an offence within the meaning of the act of 2d March, 1831, because it does embrace the

30 *

cutting, &c., of timber from other lands belonging to the United States than those reserved for naval purposes.

2. That it is an offence for which an indictment is a proper remedy, and the party punishable by fine and imprisonment.

" Wherever a statute prohibits a matter of public grievance, acts done contrary to it are misdemeanours at common law, and as such punishable by indictment, unless the statute expressly or impliedly excludes that remedy; and as to this, it is immaterial whether the statute imposes a particular penalty for the offence or not, or whether such penalty is embraced in the same statute, or a subsequent one." 2 Hawk., ch. 25, sec. 4; King v. Davis, Say. 163; Rex v. Boyall, 2 Burr. 832; Rex v. Harris, 4 T. R. 205; King v. Sainsbury, Ibid. 457; Rex v. Wright, 1 Burr. 543.

Mr. Justice CATRON delivered the opinion of the court.

The defendant below was indicted for cutting, with intent to appropriate to his own use, twenty white-oak trees and twenty hickory trees of the United States standing on the public lands. The jury found him guilty, and he moved in arrest of judgment, because the offence charged was not punishable by indictment; on which motion, the Circuit Court certify to this court as follows: —

" The motion of defendant in arrest of judgment, and for a new trial in the case, coming on to be heard, and the same having been argued by counsel on either side, the opinions of the court were opposed as to the point, ' whether the offence charged and set forth in the indictment, of cutting, removing, or using for any other than naval purposes, any trees or timber standing, growing, or being on any lands belonging to the United States, whether reserved for naval purposes or not, is, under the statutes of the United States, an indictable offence, and punishable by fine and imprisonment.' "

The case presented for our examination involves a true construction of the act of 2d March, 1831. By that act, any person, who shall cut and appropriate live-oak or red-cedar trees reserved for naval purposes, is clearly indictable, and, on conviction, may be fined and imprisoned. We do not understand this to be controverted. But the question here is, whether the term " or other timber" imposes the same penalty on those who cut other timbers, such as oak or hickory trees. It is insisted by the reasons in arrest, that the only object of the act was to protect, by stringent penalties, timbers suited to ship-building and naval purposes, and which had been reserved for such public use; and that it is apparent from the act none other

were contemplated by Congress, as subject to protection and within the description, but live-oak and red-cedar.

To which it is answered, on the part of the United States : —

" 1. That the said acts constitute an offence within the meaning of the act of 2d March, 1831, because it does embrace the cutting, &c., of timber from other lands belonging to the United States than those reserved for naval purposes.

" 2. That it is an offence for which an indictment is the proper remedy, and the party punishable by fine and imprisonment."

The caption of the act would indicate that timber reserved for naval purposes was meant to be protected by this mode, and none other. But the enacting clause is general, and not restricted to live-oak or red-cedar, nor to timber specially reserved for naval purposes ; and therefore cutting and using oak and hickory trees is indictable ; and so the cutting and using of any other description of timber trees from the public lands would be equally indictable ; and being so, the punishment by fine and imprisonment must follow in all cases, — and thus we answer to the Circuit Court.

### *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Michigan, and on the point or question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. · On consideration whereof, it is the opinion of this court, that the offence charged and set forth in the indictment in this cause, of cutting, removing, or using, for any other than naval purposes, any trees or timber standing, growing, or being on any lands belonging to the United States, whether reserved for naval purposes or not, is, under the statutes of the United States, an indictable offence, and punishable by fine and imprisonment ; whereupon, it is now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.