STATE OF MISSOURI, *ex rel.*, W. H. WINSHIP, Relator, *vs.* GEORGE B. CLARK, State Auditor, Respondent.

1. *Statute, omission of—Intention of legislature.*—The Supreme Court cannot declare that the omission of a statute was unintentional, where nothing in regard to the intention of the legislature is expressed or necessarily implied. Such declaration would be in the nature of judicial legislation.

*Petition for Mandamus.*

*James F. Mister*, for Relator.

*H. Clay Ewing, Atty. Genl.*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This is an application for a mandamus, to the auditor of public accounts, to compel his issuance of a warrant on the treasury, for the amount of a bill for board and lodging of a petit jury during the trial of a capital case. The jury was by order of the court, required to be kept together by the marshal during the trial, and the expense of doing this was allowed as costs against the State by the judge and circuit attorney, and certified to the auditor. The auditor refused to allow said item on the ground that he had no authority by law to do so, and whether there is such authority, is the only question presented by the case.

The fourteenth section of the act of 1855, (R. C. 1855, p. 769) among other items of costs mentioned, contains the following: " For boarding and lodging provided for any jury, a reasonable compensation may be allowed by the court, to be taxed as other costs."

In the revision of 1865, this section 14 is somewhat modified in regard to various items, but the item above recited is entirely omitted.

In 1866,(see House Journal, Adj. Sess., p. 214) a bill "to provide for the payment of the boarding and lodging of jurors," was introduced, but did not pass, and the law stands in this position now.

I understand, upon inquiry of the circuit attorney in this county, that since 1865, the bills for boarding and lodging

jurors have been paid by the County Court, and that a special act of the legislature has been passed authorizing such payments. (See Adj. Sess. Act of 1874, p. 238.)

Taking these acts altogether, it would seem very clear that the auditor was right in refusing to allow the claim. This court cannot infer that the omission of the clause allowing such costs, from the act of 1865, was accidental or unintentional. (See Belkin v. Hill, 53 Mo., 495.) And, if it could be so inferred, the court has no power to remedy such omissions. The fees chargeable to the State are specially enumerated, and the omission of this item in the revision of 1865 especially taken in connexion with the action of the legislature in 1868, and the passage of a special act since for St. Louis county all go to show that the omission was intentional.

It is said, however, that this court has decided otherwise in the case of Watson vs. Moniteau County, (53 Mo., 132). If the court did so decide, it was an erroneous decision, and ought to be corrected. But the court in that case decided nothing in regard to the liability of the State. The controversy was, which one of two counties should pay this item of expense necessarily incurred in the trial of a capital criminal case. No reference was made to the statutes we have just referred to by the counsel on either side, and the attention of the court was not called to the question. What might have been the opinion of the court, even in regard to the propriety of charging this expense to the county, had all the laws on the subject been brought to the notice of the court, it is not necessary to determine in this case

Mandamus refused; the other judges concur.