Drake, Oh. J.,
delivered the opinion of the court:
The claimant, as administratrix of Warren Faver, deceased, brought suit to recover for one hundred and fifty-eight cords of wood; and she alleges in her petition that eighteen cords of *263 that quantity were furnished and delivered by her intestate to the quartermaster at Fort Wallace for the use of the Government ; that thirty-one and three-quarters cords were furnished and delivered-by him to various detachments and escorts and others in the military service on - the route west of Fort Wallace, on orders of the military coihmander at that fort; and that one hundred and eight and a quarter cords, the property of said Faver, were, by command of that officer, taken from said Faver’s place of residence, near that fort, for military use thereat.
The claim for all this wood came before the officers of the Treasury, by whom an allowance was made in favor of the claimant for one hundred and two cords, at $35 per cord, and she was paid therefor $3,570.
She now sues to recover $5,567.50, claiming that she is entitled to a higher rate for the one hundred and two cords than was allowed her at the Treasury, and also to payment for fifty-sis cords for which the officers of the Treasury refused her any allowance.
The views we take of the case dispense with the necessity of going into auy elaborate comment in this opinion upon the facts.
The fundamental fact underlying the whole claim is that the whole of the wood was cut by the claimant’s intestate, or by those from whom he bought it, upon the public domain of the United States, with the design of selling it to the military authorities at Fort Wallace or on the route west of that fort; and the question comes up whether the United States are bound in law to pay for such wood when it is seized and taken by their military officers for the úse of a garrison, or when it is furnished by the party who cut it to such officers for such use, without its being so seized and taken.
We will examine these points. And, first, as to the liability of the Government for wood seized and taken : If the claim•ant’s intestate acquired a property in the wood, either by his having cut it or by having purchased it from those who did cut it, there might, under some circumstances, be a just claim •on his part against the Government for the value of it; but if he acquired no property in it, there can be no foundation for .•any such claim. We consider it settled by the decisions of the Supreme Court that, as against the Ignited States, he had no *264 property in the one hundred and eight and a quarter cords seized and taken from him.
In United States v. Briggs, (9 How., 351,) that court held that the cutting of timber from lands belonging to the United States is an indictable offense under the Act March 2, 1S31, (4 Stat. L., 472,) punishable by fine and imprisonment.
In Cotton v. United States, (11 How., 229,) which was a common-law action of trespass guare clausum fregit, brought by the United States, in which the defendant was charged with cutting and carrying away timber from the lands of the Government, it was held that the action would lie, and that the Government, in such case, was not confined to the proceeding by indictment against ¡trespassers on its lands, and that the punishment of the public offense was no bar to the remedy for the private injury.
But in the very recent case of United States v. Cook, (19 Wall., 591,) which was an action of replevin for certain saw-logs cut from the public lands without authority, views were expressed which are decisive of this claim, at least so far as the wood is concerned which was seized and taken. It was there held that timber cut from the public land, without authority of law, and for the purpose of sale, became, when cut, the ptoperty of the United States absolutely; that the cutting of it was waste; and that the owner of the fee might seize the timber, arrest it by replevin, or proceed in trover for its conversion.
Under these decisions we cannot do otherwise than hold that the claimant’s intestate acquired no property in the one hundred and eight and a quarter cords of wood which were seized and taken from him by the military authorities at Fort Wallace, and that the same, when seized and taken, was the property of the United States, for the seizure of which no right of action accrued to him or to his administratrix.
It could, we suppose, hardly be doubted that when a portion of the Army of the United States is quartered upon the public domain, where wood could not be obtained except therefrom, the proper officers might lawfully employ individuals to cut wood from the public landjfor the use of the military forces so situated. In such case the persons so employed would be paid, not for the wood, but for’cutting and hauling it. But. that is not this case. Here the claim is for the value of wood, which *265 did not belong to the claimant’s intestate, but did belong to the defendants. Such a claim has no foundation injustice or in law.
As to the rest of the claim set forth in the petition, the court is not unanimous in regard to the'right of the claimant, in the first instance, to recover for wood furnished by Faver as alleged; but the majority of the court-are of opinion that if such right did at one time exist, it no longer exists.
The views previously expressed as to the one hundred and eight and one-quarter cords leave no claim, except for the other two items of eighteen and thirty-one and three-quarter cords. The court finds the value of the former to be $55, and that of the latter $35 per cord; the two items aggregating, at those rates, $2,101.25, which was all the claim that, in our judgment, the claimant or her intestate could, under any circumstances, have had. The accounting officers of theTreasury, however, allowed and paid her $3,570 for one hundred and two cords, which is $1,468.75 more than in any. view she could have been entitled to on account of those two items. She has, therefore, been paid that much more than she could, in the view we take of the case, have rightfully claimed.
The petition of the claimant is dismissed.