CITY OF ST. JOSEPH, Appellant, v. FRANKLIN PORTER,. Respondent.

Kansas City Court of Appeals, March 19, 1888.

1. CITY OF ST. JOSEPH—ORDINANCE REQUIRING ABSTRACTOR OF TITLES TO TAKE OUT LICENSE—CASE ADJUDGED.—The city of St. Joseph is a city of the second class under the Revised Statutes. Under section 4644, subdivision 15, of the Revised Statutes (relating to cities of that class), the powers conferred do not authorize that city to provide by ordinance for the licensing of the business of an abstractor of titles to real property. Among the subjects enumerated abstractors of title are not named, and the power claimed is not embraced under the general terms, " all other business, trades, avocations, or professions."

2. —— RULE AS TO CONSTRUCTION OF POWERS.—When a particular enumeration or words are followed by general terms or words, the latter are to be understood as limited in their scope and application to the persons and things of the same kind or character as those specified in the preceding part. This rule applies to statutes as well as to private instruments.

3. —— OTHER RULES OF CONSTRUCTION AS TO THE INTENT OF THE LEGISLATURE—CASE ADJUDGED.—The intent of a legislative act may be gathered from a view of the whole and every part of the statute, taken and compared together, and in ascertaining the true intent and purport of the particular section it is proper to resort to other statutes in pari materia; as, for instance, the sections of a code are to be construed as a single statute, although the statutes be passed at different sessions. By reference to section 4417, subdivision 5, of the statute, respecting cities of the first class, "examiners of titles and conveyancers" are specially named. The distinction between the two sections is quite significant, as showing that this character of business was in the mind of the legislature, and that the omission under review was intentional.

APPEAL from Buchanan Criminal Court, HON. SILAS WOODSON, Judge.

*Affirmed.*

The case is stated in the opinion.

FRED. J. LUFLER, City Attorney, and RYAN & McDONALD, for the appellant.

I.   Appellant had the right to pass the ordinance, and impose a license upon appellee's avocation. Rev. Stat., sec. 4644. This authority is found in the general terms of the paragraph giving the city the right to license "all other trades, business, avocations, or professions whatever." While the particular avocation of appellee is not mentioned, yet the general terms quoted are to be given force and the city is not prohibited from licensing an avocation because not expressly mentioned in its charter. *City v. Herthel*, 14 Mo. App. 471, 472.

II.   The general terms above quoted, following a specific enumeration of businesses, trades, and professions, are to be construed as conferring the power upon appellant to license such other trades, avocations, business, or professions not named, as are *ejusdem generis* with those particularly mentioned. *City v. Herthel*, 14 Mo. App. 471 ; *City v. Laughlin*, 49 Mo. 599.

III.   If appellee's avocation (abstractor of titles) is a profession, it is taxable as belonging to the same general class as artists whose avocations have been judicially determined to be professions, and who are named in said section of the statute. *City v. Herthel*, 14 Mo. App. 471. If not a profession, then it is taxable as belonging to the same general class of clerical businesses in which real-estate agents and brokers, mercantile agents, and insurance agents are included, all of which businesses are particularly enumerated in section 4644. *City v. Laughlin*, *supra; City v. Herthel*, *supra*.

JAS. F. PITT, for the respondent.

I.   The power of a city of the second class to impose a license upon the business of making abstracts is denied for two reasons :   (1)   The business is not named in subdivision 15, of section 4644, nor is any calling of

like character mentioned. Appellant suggests that the principle announced in *City v. Laughlin*, and *City v. Herthel* may be applied here because the city may license "artists," *i. e.*, painters of portraits, landscapes, etc. The statute reads "photographists, artists," and may be construed to include picture-makers generally, but it can hardly be said that the proprietor of an art studio and the maker of an abstract are engaged in a similar business. (2) Chapter 89 embraces what may be called the classification law under the constitution requiring it to be passed. It will be noticed that the subjects, both in number and character, to which the license power extends, are regulated according to the class, size, and necessities of the city. By comparing subdivision 5, of section 4417, first class, and subdivision 15, of section 4644, second class, we find "photographists, artists," in both, but, in respect to the business of the defendant, the law for cities of the first class provides that they shall have power to license "inspectors and gaugers, stock-yard proprietors, examiners of titles, conveyancers, mercantile agents, insurance companies, insurance agents," etc. ; and, in the second-class law, this language with a significant omission is repeated thus : "inspectors, gaugers, stock-yard and wagon-yard proprietors, mercantile agents, insurance companies, insurance agents," etc.

II. Thus the defendant's business, as well as that of "conveyancers," a class of persons to which he belongs, is omitted by name, and to say that such an omission was not intended would be nothing short of judicial legislation. *State ex rel. v. Clark*, 57 Mo. 25.

III. The judgment should be affirmed.

PHILIPS, P. J.—The defendant was arrested and tried for violating an ordinance of the city of St. Joseph, providing for licensing the business of an abstractor of titles to real property. On trial in the criminal court he was acquitted. The city has appealed. The single question presented for our determination is as to the

validity of said ordinance. The criminal court held that the ordinance was not authorized by the charter of the city. It is conceded that the plaintiff is a city of the second class under the Revised Statutes. Section 4644, subdivision 15, confers power upon the city to "license, tax, and regulate auctioneers, grocers, commission merchants, retailers, merchants, hotels and innkeepers, boarding-houses, public buildings, public grounds, concerts, photographists, artists, agents, porters, runners, drummers, public lectures, public meetings and shows, real-estate agents and brokers, horse and cattle dealers, beer-houses, patent-right dealers, inspectors, gaugers, stock-yards, and wagon-yard proprietors, mercantile agents, and insurance agents, banking and other corporations and institutions, street-railroad cars, hackney-carriages, omnibuses, carts, drays, job-wagons, ice-wagons, and all other vehicles, and all other business, trades, avocations, or professions whatever."

I. It is observable that among the many subjects enumerated abstractors of titles of real estate are not named, therefore, the power claimed for the city, if found at all, must be under the general terms, "all other business, trades, avocations, or professions." These, it may be admitted, are sufficiently comprehensive to embrace the avocation of an abstractor of titles, considered as standing alone, independent of the preceding parts of the section, and other provisions of the statute *in pari materia*. But it is among the well-recognized rules of construction, that when a particular enumeration or words are followed by general terms or words, the latter are to be understood as limited in their scope and application to the persons and things of the same kind or character as those specified in the preceding part. This rule applies to statutes as well as to private instruments, that general words are restricted in their operation by the context, the apparent intent; "and in every enumeration of particulars, followed by general terms, the latter are to be restricted to cases *ejusdem generis*."

*White v. Ivey*, 34 Ga. 186; *State v. McGarry*, 21 Wis. 496; *McIntyre v. Ingraham*, 35 Miss. 25; *State v. Pemberton*, 30 Mo. 376; *Sandiman v. Breach*, 7 B. & C. 100.

The last-named case presents an apt and striking illustration of the application of the above rule of construction. The statute (3 Car. 1, chap. 1) declared that "no carrier, with any horse, nor wagonman, with any wagon, nor cartman, with any cart, nor wainman, with any wain, nor drover, with any cattle, shall, by themselves or any other, travel on the Lord's day;" and by 29 Car. 2, chap 7, that "no tradesman, artificer, workman, laborer, or other person or persons, shall do or exercise any worldly labor, business, or work of their ordinary callings, upon the Lord's day." The action was founded on a contract for a stage-coach to carry the plaintiff on Sunday. It was held that the terms, "other person or persons," were not large enough to include the owner and driver of a stage-coach.

This case is cited and approved by our Supreme Court in *City of St. Louis v. Laughlin*, 49 Mo. 559. Laughlin was prosecuted for the violation of an ordinance of the city requiring lawyers to pay a license tax before exercising the office of attorneys-at-law. The charter in its enumeration of the business, trades, avocations, etc., subject to such license tax, was quite like the statute in question, and concluded with the general words, "and all other business, trades, avocations, or professions whatever." The court said: "In the present case the charter specifically enumerates the classes of persons intended to be taxed, and the sweeping words, 'all other business,' etc., we do not think can be made to include persons not of the same generic class or character. In specifying and enumerating the trades and professions to be taxed, it was intended to limit the taxation to them or to persons engaged in similar trades or occupations. If it had been intended to tax lawyers it is unaccountable that they should have been

omitted in the enumeration, whilst other professions, comprehending but a few persons, are expressly referred to and selected. To give the words, 'all other business,' etc., the meaning contended for, would give the city the power of taxation by license over nearly every laborer." It is contended, however, by appellant that the case of *City of St. Louis v. Herthel*, 14 Mo. App. 467, is more nearly allied to this in its facts. It was there held that the general words, above quoted, covered the profession or avocation of an architect. Among the subjects enumerated, *eo nomine*, in that charter were lawyers, doctors, dentists, and artists. It was held that as the profession of an architect was akin to that of an artist, as it was the exercise of a profession of a technical character, bringing into exercise patient and careful study, combined with more or less special experience, it was to be regarded as *ejusdem generis* with the specified technical professions, which were not merely mechanical. This case certainly carried the rule of *ejusdem generis* as far as any adjudication; yet I do not think it decisive of the question here presented, without still further extending the rule. The word "artist" is used in the statute in question in immediate connection with "photographists," indicating that it refers to the higher or more technical class of art, as painters of portraits, landscapes, and the like. I hardly think it to be maintained that an abstractor of titles of real estate is to be classified with the artist. And certainly not with the more learned professions.

II. There are other rules of construction which may throw light upon the question involved. The intent of a legislative act may be gathered from a view of the whole and every part of the statute, taken and compared together; and in ascertaining the true intent and purport of the particular section, it is proper to resort to other statutes *in pari materia*. *In re Bomino's estate*, 83 Mo. 433-441 ; Sedgw. on Stat. & Const. Law, 199-200-209. So it is held that the sections of a code upon one subject are to be construed as a single

statute. *Railroad v. Malone*, 46 Ala. 391. And this is so, although the statutes be passed at different sessions. *Perkins v. Perkins*, 62 Barb. 531 ; *Hart v. Reynolds*, 1 Heisk. 208 ; *McAfee v. Railroad*, 36 Miss. 669.

By reference to section 4417, subdivision 5, of this same statute, respecting cities of the first class, it will be found that it specially names "*examiners of titles and conveyancers*," and then concludes with the same general words as section 4644. This distinction between the two sections is quite significant. The legislature was in one act providing a general system for the erection and classification of municipal corporations, and delegating powers to each class. The specific mention of examiners of titles and conveyancers shows that this character of business, avocation, or profession, as you may see fit to call it, was in the mind of the lawmaker. The omission of these callings from the designated subjects in cities of the second class, we cannot assume was unintentional, without trenching upon judicial legislation. *State ex rel. v. Clark*, 57 Mo. 25. The utmost that could be claimed by appellant is, that an abstractor of titles might be deemed *ejusdem generis* with an examiner of titles. But when the framers of the act went directly from the chapter concerning cities of the first class to that of the second, and omitted from the enumeration of subjects for license tax both examiners of titles and conveyancers, as well as abstractors of titles, it is a persuasive argument that it was not designed to empower a city of the second class to exact the license tax as sought by the ordinance in question.

The judgment of the criminal court is affirmed. All concur.