## LIMBAUGH v WATSON

Ohio Appeals, 5th Dist, Tuscarawas Co

No 398.   Decided April 25, 1932

Messrs. Clayton Renner and A. Limbach, New Philadelphia, for plaintiff in error.

Messrs. Hart, Koehler, Blumenstiel & Strong, Alliance, for defendant in error.

LEMERT, J.

The first question presented for our consideration is whether or not the obligation of a physician to treat a patient can arise in any other way or manner than by contract. It has been decided that a physician or surgeon is not obliged to respond to any and every call made upon him, but that he has a right to select his patients and is not liable under any circumstances unless he has entered into a contract to render such services.

59 North Eastern, 1058.

101 North Western, 169.

While it is true that in some types of cases a contract may be poven by cicumstances or by the acts and conduct of the parties, yet in a case like the one at bar we believe there must have been a definite meeting of the minds by which Mrs. Limbaugh employed Dr. Watson to deliver her at her home in the country and that Dr. Watson agreed to render her such services. The testimony in the record before us simply shows, and goes no further than to show that Mrs. Limbaugh requested the services of Dr. Watson, but that he never agreed to render them except upon the condition that she would go to the hospital, where such services could be safely rendered, and the plaintiff admits upon cross-examination that Dr. Watson did not agree to take care of her unless she went to the hospital. (See pages 32 and 33 of the record). Giving to the testimony the most favorable construction, it does not show that Dr. Watson ever agreed to treat the plaintiff and deliver her unless she went to the hospital. In fact, the testimony shows very clearly that he refused to do so and suggested that the plaintiff secure another physician, whose name Dr. Watson suggested, and that she did employ him, in the person of Dr. Marshall; that she called Dr. Marshall and arranged for him to come—not immediately, but some hours later, upon her call; that Dr. Marshall responded to her call and took care of her at the hospital, at plaintiff's call and request.

Plaintiff in error herein alleges and discusses a second claimed error in the ruling of the court upon the pleadings, in which the court struck out certain claims of the plaintiff to recover for the death of her child.

There is really no reason in discussing this alleged error, for the reason that if the court was right in directing a verdict because no contract was proven, the so-called second issue or error is immaterial, but in as much as said error is insisted upon, we have to say that there is no proof in the record that any damage was suffered by Mrs. Limbaugh by reason of the failure or refusal of Dr. Watson to attend her when she requested him. It is not enough to prove that a person was injured and that a physician was negligent, but it must be proved that the negligence of the physician was the cause of the injury. There is no testimony in the record that the failure of Dr. Watson to respond caused Mrs. Limbaugh any inconvenience or injury whatsoever. She received the attention of a physician and surgeon as soon as it was necessary. The only possible result of a delay might have been the death of the infant, but there is no testimony that that could have been avoided had she received attention when she called Dr. Watson, and there can be no recovery in this action for the death of the infant. It should be borne in mind that this cause is not one for wrongful death of the child, but an action by the mother for injury to her personally on account of breach of contract on the part of the defendant. The portions of the petition sought to be stricken out relate to the death of the child as being a proximate cause of the negligence of the defendant. That issue could not properly be tried in this case. With the portions of the petition stricken out, the petition then stated a cause of action on behalf of the mother, charging the defendant with negligence.

So that, keeping in mind that it was incumbent upon the plaintiff to show that Mrs. Limbaugh suffered some injury which was caused, not by her pregnant condition and not by the other circumstances of her situation, but by the failure of Dr. Watson

to attend her, we find there is no evidence in the record from which such a finding might be inferred by a jury. We therefore find that the court properly directed the verdict in favor of the defendant on this account as well as for the reason that there was no contract proven.

It therefore follows that the judgment of the lower court will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, JJ, concur.