### RICE v. RINALDO.

Common Pleas Court, Montgomery County.

October 18, 1950.

A. K. Meck, Dayton, for plaintiff.

Landis, Ferguson, Bieser & Greer, Dayton, by Warren A. Ferguson, Dayton, for defendant.

## OPINION

By MILLS, J.

This cause comes on to be heard upon the demurrer of defendant to the first cause of action of the petition of plaintiff.

The first cause of action reads as follows: "Now comes the plaintiff and for her first cause of action against defendant says that the defendant at all times mentioned herein was an active, practicing dentist, and maintained a dental office for the extraction and repairing of teeth, at 614 Troy Street, Dayton, Ohio, and was duly licensed by the State of Ohio to practice such dentistry for the accommodation of the public, and was allowed to serve the public subject to the provisions of §12940 GC, prohibiting him from denying to a citizen, regardless of color or race the full enjoyment of the accommodations, advantages, facilities and privileges which were a part of or connected with his said profession or the conducting of his practice of dentistry.

"That on November 22, 1949, the plaintiff, who is a negro, and a citizen of Montgomery County, Ohio, had a cavity in one of her teeth and was suffering considerable pain on account thereof, and desired to have the tooth extracted, and went to the said office of the defendant to have her tooth extracted, and the defendant refused to pull her tooth, because of the fact that she is a negro, and because of her color and race the defendant denied to her the full enjoyment of the accommodations, advantages, facilities and privileges which were a part of or connected with his said profession or the conducting of his practice of dentistry, and thereby violated §12940 GC.

"Wherefore, plaintiff prays for judgment against the defendant by reason of the above facts, in the sum of $500.00 and her costs herein."

Sec. 12940 GC reads as follows: "Whoever, being the proprietor or his employe, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store or other place for the sale of merchandise, or any other place of public accommodation or amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aids or incites the denial thereof, shall be fined not less than fifty dollars nor more than five hundred dollars or imprisoned not less than thirty days nor more than ninety days, or both."

It will be noted the statute specifically mentions proprietor and employe or keeper or manager, or an inn, restaurant, eating house, barber shop, public conveyance by air, land or water, theater, storeroom "or other place for the sale of merchandise **or any other place of public accommodation or amusement** denies to a citizen, etc." Does a dentist come within the provision of the statute as "any other place of public accommodation?" This statute being of a penal nature should be interpreted strictly.

It is held in **Youngstown Park & Falls Street Railway Company v. Tokus, etc., 4 Oh Ap 276:**

"It is urged that this is a penal statute and should be strictly construed: that the maxim **ejusdem generis** should be applied in the construction of this statute: that where certain persons, objects or things are named and followed by general terms, the general terms should be construed to apply to objects, persons or things of similar or like kind.

"This is a well recognized rule of statutory construction which is intended to aid the court in determining the true meaning of the words used to limit or abridge the well defined meaning of the legislature gathered from the ordinary meaning of the words used in the statute, keeping in mind the object that the legislature had in its enactment."

State v. Williams, 35 Mo. App. 541, refer to this rule as the rule for the construction of statutes, that where the particular words of a statute are followed by general,—as if, after the enumeration of classes of persons or things, it is added "and all others,"—the general words will be restricted in meaning to objects of the like kind with those specified.

Looking to the statute under which this action was brought, and looking at the evident intent of the legislators, from

the language of the statute itself, they were evidently intending to give every citizen equal rights in public places to which they were accustomed to go, either for accommodation or amusement. The question then is, is a dentist's office or doctor's office or surgeon's office, or a law office one of public accommodation? Certainly they are not places of amusement.

It is true that in order to practice each profession a license must be secured from the state, after passing a satisfactory examination. A barber must be licensed for sanitary reasons. A dentist, doctor, surgeon or lawyer is licensed, presumably, upon his knowledge of the subjects of medicine, dentistry, surgery or law, whichever profession is in question. Yet each profession is so subject to specialization that you would not expect any one person to be equally proficient in all branches.

Unless each profession is named by the legislature in the Act, why should the intent of the legislature be so interpreted as to place them in the catagory of a place of public accommodation? Surely the legislature thought to mention barber shops. Was the profession of dentists, physicians, surgeons or lawyers—if they meant to include them—of less importance in each and every community of the State of Ohio, than a barber or barber shop? If that was the intent of the legislature, then every dentist, physician or surgeon, after long specialization in any particular line of the professions, might be required to accept and administer to anyone who might come into the office, and the innocent patient or client might suffer from lack of knowledge and skill of a practitioner, skilled in the particular specialized line. Should a dental surgeon be forced to administer to a certain patient outside of his specialized practice to the detriment of the patient, and thus subject himself to a suit for damages in a malpractice action? It has been argued that if such were the case, a surgeon who specialized in plastic surgery, could be forced to alter the facial appearance of a criminal and thus innocently aid and abet the one whom he would be obliged to use his knowledge and skill upon, to avoid identity and criminal prosecution.

The court held in Faulkner v. Solazzi, 79 Conn. 541, 65 A. 947, a barber shop is not a place of public accommodation because they were not specifically named in the statute, and the same is true in New York where it was held that a saloon or place where liquor is sold, where it is not specifically mentioned in the statute, is not a place of public accommodation.

It will not be denied that in either case there was less reason to hold that neither a barber shop or saloon was a place of public accommodation, than is a dental office, a physician's office, or the office of a surgeon, a place for the benefit of the public.

The case of **Limbaugh v. Watson, 12 Abs 150,** heard by the Court of Appeals in the Fifth District, is an action for damages by a woman of the caucasian race against a physician for breach of contract to attend her during a case of confinement. The court held: "A physician or surgeon is not obliged to respond to any and every call made upon him and is not liable under any circumstances unless he has entered into a contract to render such services."

In view of all the above citations, the court will sustain defendant's demurrer to plaintiff's first cause of action of the petition, and order plaintiff to proceed to adduce evidence upon the second cause of action for breach of contract in damages for the failure to perform services.

Counsel will draw their entries accordingly.