HURLEY, ADMINISTRATOR, *v.* EDDINGFIELD.

[No. 19,154.　Filed April 4, 1901.]·

PHYSICIANS.—*Refusal'to Render Medical Assistance.—Damages.*—The act of 1897 as amended by the act of 1899 (Acts 1897, p. 255, Acts 1899, p. 247), regulating the practice of medicine, providing for a board of examiners, standards of qualification, licenses to those found qualified, and penalties for practicing without license, is a preventive, not a compulsive measure, and a licensed physician is not liable in damages for the death of a person caused by his refusal to render medical assistance.

From the Montgomery Circuit Court.　*Affirmed.*

*G. D. Hurley, H. D. Van Cleave* and *D. Kennedy,* for appellant.

*M. E. Clodfelter, H. N. Fine* and *E. M. Spruham,* for appellee.

BAKER, J.—Appellant sued appellee for $10,000 damages for wrongfully causing the death of his intestate.　The court sustained appellee's demurrer to the complaint; and this ruling is assigned as error.

The material facts alleged may be summarized thus:' At and for years before decedent's death appellee was a practicing physician at Mace in Montgomery county, duly licensed under the laws of the State.　He held himself out to the public as a general practitioner of medicine.　He had been decedent's family physician.　Decedent became dangerously ill and sent for appellee.　The messenger informed appellee of decedent's violent sickness, tendered him his fees for his services, and stated to him that no other physician was procurable in time and that decedent relied on him for attention.　No other physician was procurable in time to be of any use, and decedent did rely on appellee for medical assistance.　Without any reason whatever, appellee refused to render aid to decedent.　No other patients were requiring appellee's immediate service, and he could have gone to the relief of decedent if he had been willing to do so.

Death ensued, without decedent's fault, and wholly from appellee's wrongful act.

The alleged wrongful act was appellee's refusal to enter into a contract of employment. Counsel do not contend that, before the enactment of the law regulating the practice of medicine, physicians were bound to render professional service to every one who applied. Wharton on Neg., §731. The act regulating the practice of medicine provides for a board of examiners, standards of qualification, examinations, licenses to those found qualified, and penalties for practicing without license. Acts 1897, p. 255; Acts 1899, p. 247. The act is a preventive, not a compulsive, measure. In obtaining the State's license (permission) to practice medicine, the State does not require, and the licensee does not engage, that he will practice at all or on other terms than he may choose to accept. Counsel's analogies, drawn from the obligations to the public on the part of innkeepers, common carriers, and the like, are beside the mark.

Judgment affirmed.