[Civ. No. 11479.  First Appellate District, Division Two.—January 7, 1941.]

ETHEL MAE EVANS et al., Respondents, v. FONG POY et al., Appellants.

Frank M. Carr for Appellants.

George R. Vaughns and Frank M. Larche for Respondents.

SPENCE, J.—The action was brought by plaintiffs to recover damages for the alleged denial of their rights under sections 51 and 52 of the Civil Code.  The cause was tried by the court sitting without a jury and resulted in judgment in favor of plaintiffs Ethel Mae Evans and Mack Bufford for $100 each against defendant Fong Poy.  Said defendant appeals.

There are no headings in appellant's briefs (Rule VIII, section 2, Rules for the Supreme Court and District Courts of Appeal), but it appears that appellant contends that the evidence was insufficient to sustain the findings.  The disputed findings appear to be those in which the trial court found that at the time and place in question, defendant and his employees refused to serve food and drink to plaintiffs because plaintiffs were persons of the colored race.  While

there was a conflict in the evidence, our review of the record leads us to the conclusion that there was ample evidence to sustain said findings of the trial court.

█ Defendant operated a public establishment known as the New Shanghai Cafe. Plaintiffs entered the establishment and ordered drinks and sandwiches at the bar. It is conceded that they were refused such service. The testimony introduced by plaintiffs showed that they were told by the bartender and the floor manager that they could not be served at the bar because they were colored people. The testimony introduced by defendants tended to show that the refusal of such service was based upon an alleged rule against serving food to anyone at the bar. The existence of any such rule was denied by the bartender when called as a witness and he testified that it was customary to serve food as well as drinks at the bar. There was also uncontradicted testimony showing that other persons were eating and drinking at the bar at the time that such service was denied to plaintiffs. There was therefore substantial evidence to sustain said findings of the trial court and under these circumstances, said findings may not be disturbed on appeal.

█ Defendant apparently further contends that the refusal to serve a colored person because of his color or race in a bar or saloon does not come within the purview of said sections 51 and 52 of the Civil Code. We believe however that said sections are plain and unambiguous. Said section 51 guarantees to all citizens "full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating houses, places where ice cream or soft drinks of any kind are sold for consumption on the premises, barber shops, bath houses, theatres, skating rinks, public conveyances *and all other places of public accommodation* or amusement . . . ". (Italics ours.) Such sweeping language as that italicized obviously covers public bars or saloons.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.