**RICE, Plaintiff-Appellant, v. RINALDO, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2133. Decided April 18, 1951.

A. K. Meck, Dayton, for plaintiff-appellant.
Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing the first cause of action of plaintiff's petition after the sustaining of a general demurrer thereto.

The petition avers that the plaintiff, who is a Negro, desired to have a tooth extracted and went to the office of the defendant, a practicing dentist who maintains a dental office for the extraction and repairing of teeth at 614 Troy Street, Dayton, Ohio, who was duly licensed by the State of Ohio to practice dentistry for the accommodation of the public; that the defendant refused to pull her tooth because of the fact that she is a Negro and thereby violated §12904 GC.

The question presented is whether the trial judge erred in holding that the petition did not state a cause of action for the violation of §12904 GC.

This section, insofar as germane to our question, reads:

"Whoever, being the proprietor or the employee, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store, or other place for the sale of merchandise, or any other place of public accommodation or amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities, or privileges thereof, * * * should be fined, etc."

The narrow question presented is the meaning of "any other place of public accommodation" as employed in the statute. The appellant insists that the language is general, plain, and understandable and includes the office or place of business of the defendant, a dentist in the general practice of dentistry. The appellee, as did the trial judge, relies upon the rule of "ejusdem generis" and insists that the language under consideration does not include the office of the defendant.

The rule of "ejusdem generis" is one of construction and is widely recognized in the law. Sutherland Statutory Construc-

tion, par. 268; Brown's Legal Maxims 651; Sedgwick, Construction of Statutes 361. It is said in Gates and Son Co. v. Richmond (Va.), 49 S. E. 965, that:

"The rationale of the principle of 'ejusdem generis' seems to be that if the Legislature has intended the general words to apply, uninfluenced by the particular preceding words, and without restriction it would, in the first instance have employed a compendious word to express its purpose."

The rule is succinctly set forth in **Fry v. State, 55 Oh Ap 264,** to be that general words following designation of particular subjects are ordinarily restricted by the particular designation to include only things of the same nature as those specifically enumerated.

The places particularly designated in the section of the Code under consideration may be classified: (1)—restaurant, eating house, (2)—barbor shop, (3)—public conveyance by air, land, or water, (4)—theater, (5)—store or other place for sale of merchandise. No one of these descriptive words nor the classes into which they fall include a dentist's office nor are they so like any of the places described as to come within any one of the specific classifications of the statute. We are of opinion that the trial judge did not err in holding that "any other place of public accommodation" did not include the office of the defendant.

Although the application of the rule which we have discussed seems to be appropriate in interpreting the meaning of §12940 GC and the particular words "any other place of public accommodation," it is possible that giving the broadest possible interpretation to place of public accommodation it would not include the office of a dentist. A dentist may be classified as one of the learned professions like unto a physician or surgeon. An office of a physician or surgeon does not connote that it is a place of public accommodation.

"In the absence of statute, a physician or surgeon is under no legal obligation to render professional services to everyone who applies to him or seeks to engage him. Physicians are not public servants who are bound to serve all who seek them, as are inn-keepers, common carriers, and the like."

41 Am. Jur. 135, citing Hurley v. Eddingfield, 156 Ind. 416, 59 N. E. 1058. The case of **Limbaugh v. Watson, 12 Abs 150,** is to like effect.

We could readily support an exception to the ethics of the dentist in this case, but we are considering the meaning and effect of the specific language of a penal statute and can not find that it is broad enough in its terms to include the office

of a dentist such as was operated by the defendant in this cause.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.