[Civ. No. 16141.   First Dist., Div. Two.   Jan. 24, 1955.]

CLARA MAE LONG, Appellant, v. MOUNTAIN VIEW
CEMETERY ASSOCIATION, Respondent.

Vaughns, Dixon & Smith, George R. Vaughns and William
C. Dixon for Appellant.

Clark & Heafey, Leon A. Clark and Gerald P. Martin for
Respondent.

NOURSE, P. J.—The plaintiff and appellant herein has
appealed from an adverse judgment on the judgment roll
alone.   She is therefore bound by the findings of fact and
if the judgment based on those findings is a proper judgment
as a matter of law, no other issue is triable on this appeal.

These facts are:   The defendant maintained a cemetery
in which were burial plots, a crematorium, and three mauso-
leums, one of which was set aside for the exclusive use of
members of the Caucasian race.   The plaintiff demanded that
her husband's remains be deposited in this restricted mauso-
leum.   There is no contention that the other two were not
just as suitable and as properly maintained as the third.
There is no evidence of any kind showing why the plaintiff
rejected this offer.

■ The only question of law involved here is whether section 51 of the Civil Code applies to this case. That section reads: "All citizens within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating-houses, places where ice cream or soft drinks of any kind are sold for consumption on the premises, barber shops, bath houses, theaters, skating rinks, public conveyances and all other places of public accommodation or amusement, subject only to the conditions and limitations established by law, and applicable alike to all citizens."

The settled rule of law is that the expression "all other places" means all other places of a like nature to those enumerated, i. e., "restaurants, hotels," etc. In a similar case involving a like statute the Supreme Court of Illinois held that the expression "all other places of public accommodation and amusement" did not include cemeteries. (*People* v. *Forest Home Cemetery Co.*, 258 Ill. 36 [101 N.E. 219, 220].) Directly in point is the recent case of *Rice* v. *Sioux City Memorial Park Cemetery*, —— Iowa —— [60 N.W.2d 110], where the same rule was applied to the refusal of the cemetery to accept for burial the remains of an Indian in a plot of land restricted to the use of members of the Caucasian race.

There is no merit in any of the arguments of appellant.

Judgment affirmed.

KAUFMAN, J.—I concur on the authority of *Rice* v. *Sioux City Memorial Park Cemetery*, —— Iowa —— [60 N.W.2d 110], where the Supreme Court of Iowa construed the Iowa civil rights statute which is very similar to sections 51 and 52 of the Civil Code of California and determined questions of constitutional law involved.

The court held that a provision in a contract for the purchase of a burial lot in a private cemetery permitting only members of the Caucasian race to be buried therein was not void as being violative of equal protection clauses of either federal or state Constitutions and is not void as being violative of public policy. Further, that Iowa's civil rights statute was not violated.

I also agree with the view that sections 51 and 52 of our Civil Code only apply to living citizens of this state. Plaintiff was not denied the right to enter the cemetery but was merely refused permission to bury her husband in the cemetery.

Accordingly no rights given to plaintiff by sections 51 and 52 of the Civil Code have been violated by defendant.

DOOLING, J.—I concur, but I cannot resist a word of protest. I cannot believe that a man's mortal remains will disintegrate any less peaceably because of the close proximity of the body of a member of another race, and in that inevitable disintegration I am sure that the pigmentation of the skin cannot long endure. It strikes me that the carrying of racial discrimination into the burial grounds is a particularly stupid form of human arrogance and intolerance. If life does not do so, the universal fellowship of death should teach humility. The good people who insist on the racial segregation of what is mortal in man may be shocked to learn when their own lives end that God has reserved no racially exclusive position for them in the hereafter.