KAUFFMAN, J.
This is an appeal by plaintiff from a judgment that plaintiff take nothing, entered after an order sustaining a demurrer to the complaint without leave to amend.
Plaintiff, Christopher Coleman, a minor, sued through his guardian ad litem, Ada Coleman, his mother. In the first cause of action the complaint alleged that plaintiff is a Negro and a citizen of the United States; that at all times defendant operated and maintained a dental office in Duarte, California, which was open to the use of the general public, at which defendant offered services for the extraction of teeth among other things; that on or about the 10th of March, 1955, plaintiff was suffering from a toothache and called defendant’s office and made an appointment to have a tooth extracted; that upon arriving at defendant’s office he was informed that defendant did not give dental service to Negroes. Plaintiff further alleged that by reason of the conduct of defendant he was deprived of rights guaranteed by sections 51 and 52 of the Civil Code, the Fourteenth Amendment to the United States Constitution, and article I, section I, of the California Constitution, and prayed for $2,000 in damages. The second cause of action by incorporation substantially restated the first cause of action.
We must determine whether the complaint does, or may be amended to, state a cause of action, since if it can be so amended it was an abuse of discretion to sustain the demurrer without leave to amend. (Gaglione v. Coolidge (1955), 134 Cal.App.2d 518, 522 [286 P.2d 568].)
The first question is whether a dentist’s office is to be considered as one of the “other places of public accommodation or amusement” within section 51 of the Civil Code, or is to be included within the meaning of similar language in section 52 of the Civil Code.
In Long v. Mountain View Cemetery Assn. (1955), 130 Cal.App.2d 328, 329 [278 P.2d 945], the court held that the words “all other places of public accommodation or amusement” within section 51 of the Civil Code mean all other places of like nature to those enumerated, and that it does not include cemeteries. The particular places enumerated are inns, restaurants, hotels, eating-houses, places where ice cream or soft drinks of any kind are sold for consumption on the premises, barber shops, bath houses, theaters, skating rinks, and public conveyances. A similar enumeration is made in Civil Code, section 52. We do not consider that a dentist’s *Supp. 835 office is a place of like nature to those enumerated. In Rice v. Rinaldo, (Ohio Ct.App.) 119 N.E.2d 657, the court was faced with a factual situation similar to the one before us, and it held that a dentist’s office is not a place of public accommodation or amusement. The court stated, supra, at page 659: “A dentist may be classified as one of the learned professions like unto a physician or surgeon. An office of a physician or surgeon does not connote that it is a place of public accommodation.”
The court also quoted the following statement from 41 American Jurisprudence 135: “In the absence of statute, a physician or surgeon is under no legal obligation to render professional services to everyone who applies to him or seeks to engage him. Physicians are not public servants who are bound to serve all who seek them, as are innkeepers, common carriers, and the like. ’ ’ This is the law of this state. (McNamara v. Emmons (1939), 36 Cal.App.2d 199 [97 P.2d 503].) We believe that this statement may also be applied to dentists. (Carnahan, “The Dentist and the Law,” p. 42, citing Roberts v. Parker (1932), 121 Cal.App. 264 [8 P.2d 908].) In view of the foregoing, plaintiff cannot state a cause of action under sections 51 and 52 of the Civil Code. (Cf. 14 C.J.S. Civil Rights, § 6, pp. 1165-1166.)
Appellant also argues that the public policy of California is opposed to racial discrimination, and that this policy applies to private as well as public action, and may be enforced without the necessity of a statute. Although a policy against racial discrimination exists in this state, the cases which recognized that a statute is not necessary to enforce such a policy involved discrimination by organizations, to wit: labor unions which are unincorporated associations. (James v. Marinship Corp. (1944), 25 Cal.2d 721 [155 P.2d 329, 160 A.L.R. 900] ; Williams v. International Brotherhood of Boilermakers (1946), 27 Cal.2d 586 [165 P.2d 903].) In establishing this principle, the Supreme Court relied upon the analogy between a labor union and public service businesses, such as innkeepers and common carriers, who, at common law, could not discriminate on the grounds of race, subject to the “separate but equal” doctrine. (See James v. Marinship Corp., supra, at p. 740.) In the James and Williams cases, supra, there was no applicable statute under the terms of which the discrimination complained of was prohibited. On the other hand, in the case at bar the discrimination is alleged to have been committed by a particular individual in a *Supp. 836 particular location. In Civil Code, sections 51 and 52 the Legislature has enacted provisions which are specifically designed to cover discrimination by individuals in particular places enumerated therein; and it has included the places where discrimination was proscribed at common law, i. e. inns and public conveyances. As we have noted, there is no established public policy that compels a dentist to treat anyone who comes to him (see also McNamara v. Emmons, supra (1939), 36 Cal.App.2d 199) and since the Legislature has specifically declared the public policy of the state in regard to discrimination in particular locations, and has not included “dentists,” it is the office of the Legislature, and not this court to make any additional enumerations which may be desirable.
We conclude, therefore, that the trial court’s order sustaining the demurrer to the complaint without leave to amend was correct.
The judgment is affirmed.
Bishop, P. J., and Swain, J., concurred.