156 Cal.App.2d Supp. 855 (1957)
VIRGINIA LAMBERT et al., Appellants,
v.
MANDEL'S OF CALIFORNIA, Respondent.
California Court of Appeals. 
Dec. 13, 1957.
 Samuel C. McMorris for Appellants.
 Milton Fenton for Respondent.
 BISHOP, P. J.
 Plaintiffs complained because the defendant, operating stores where shoes were retailed, refused to serve the plaintiffs when they sought to buy shoes, the refusal being, as alleged, solely because of the fact that the plaintiffs were members of the Negro race. A general demurrer to the complaint was sustained without leave to amend. We are reversing the judgment of dismissal that followed, for we have concluded that the demurrer should have been overruled.
 We need seek no further than section 51, of the Civil Code, and the cases interpreting it, for the applicable public policy of this state. That section reads: "All citizens within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating-houses, places where ice cream or soft drinks of any kind are sold for consumption on the premises, barber shops, bath houses, theaters, skating rinks, public conveyances and all other places of public accommodation or amusement, subject only to the conditions and limitations established by law, and applicable alike to all citizens." Section 52, Civil Code, declares that a citizen denied any privilege vouchsafed by section 51, has an action for damages.
 [1a] As a store retailing shoes is not one of the enterprises expressly mentioned in the section, and it obviously is not a place of amusement, our problem narrows down to this: Is a shoe store one of the "all other places of public accommodation?" [2] The section is to be given a liberal, not a strict, construction (see Orloff v. Los Angeles Turf Club (1947), 30 Cal.2d 110, 113 [180 P.2d 321, 322-323, 171 A.L.R. 913]). In Evans v. Fong Poy (1941), 42 Cal.App.2d 320, 321 [108 P.2d 942], the words we have quoted above in this [156 Cal.App.2d Supp. 857] paragraph were given emphasis and the court declared: "Such sweeping language as that italicized obviously covers public bars or saloons." This sweeping language does not cover "all places," however. In Long v. Mountain View Cemetery Assn. (1955), 130 Cal.App.2d 328, 329 [278 P.2d 945, 946], it was held not to cover a mausoleum, one of three, operated by the defendant, the one set aside for the exclusive use of members of the Caucasian race. In reaching this conclusion the court recognized that "The settled rule of law is that the expression 'all other places' means all other places of a like nature to those enumerated" but concluded that mausoleums were not of a like nature. Applying the same test, in Coleman v. Middlestaff (1957), 147 Cal.App.2d Supp. 833, 834-835 [305 P.2d 1020, 1021-1022], we found a dentist's office not to be a place of a like nature to those specifically referred to in the section.
 The test--of a like nature--would be, of course, unworkable if the place in question had to be like each of those mentioned in the section, for they are too diverse to have a common, pertinent characteristic, other than that of being a place of public accommodation. [3] When the question is presented: is a place not mentioned specifically in section 51 included by its reference to "all other places"?, an affirmative answer is to be given if it is a place of public accommodation and it is like one or more of those mentioned. [4] Hence a saloon, although not like a public conveyance (one of those listed) is included in the "all other places," because it is like a restaurant, and a place selling soft drinks, not alike in all particulars, but alike in sufficient essential characteristics to warrant the conclusion that the legislature meant to cover it. Webster defines "accommodation" as "whatever supplies a want or affords ease, refreshment, or convenience; anything furnished which is desired or needful." [1b] A retail shoe store is a place of public accommodation that is essentially like a place where ice cream and soft drinks are sold; each is open to the public generally for the purchase of goods. It cannot be argued that either is not a place of public accommodation because the proprietor undertakes to limit his patrons to those of the white race, for it is this discrimination that the law condemns. The fact that the defendant, in this case, sells shoes and neither ice cream nor soft drinks, does not serve to distinguish its services, at the point of importance, from those of the vendor of refreshments.
 The judgment of dismissal is reversed with directions to [156 Cal.App.2d Supp. 858] the trial court to overrule the demurrer to the complaint. The appeal from the order of July 26, 1957, sustaining the demurrer without leave to amend is dismissed. Appellants are to have their costs on appeal.
 Swain, J., and Kauffman, J., concurred.