## TUBBS v. ARGUS.

[No. 20,494. Filed May 9, 1967. Rehearing denied May 9, 1967. Transfer denied August 7, 1967.]

*William S. Hall* and *Dowden, Denny, Caughran & Lowe,* of Indianapolis, for appellant.

*Emerson Boyd* and *Dallas Max Gray,* of Indianapolis, for appellee.

PFAFF, P. J.—This appeal arises as a result of demurrer to appellant's Second Amended Complaint which was sustained and judgment entered thereon upon the failure and refusal of the appellant to plead over.

The facts material to a determination of the issues raised on this appeal may be summarized as follows:

On January 28, 1959 at approximately 12:00 Noon, the appellant was riding as a guest passenger in the right front seat of an automobile owned and operated by the appellee in the 100 block west of West Hampton Drive in the City of Indianapolis, Indiana. While traveling in an easterly direction the automobile was driven over the south curb of West Hampton Drive and into a tree, resulting in injury to the appellant. After the said collision, the appellee abandoned the automobile and did not render reasonable aid and assistance to the injured appellant. Appellant alleges that she suffered additional injuries as a result of appellee's failure to render reasonable aid and assistance and seeks to recover only for these additional injuries.

In her assignment of errors, the appellant avers that the trial court erred in sustaining the demurrer to appellant's Second Amended Complaint. More specifically, the appellant alleges that appellee's failure to render reasonable aid and assistance constituted a breach of a common law duty.

The appellee contends that throughout the appellant's occupancy of the said motor vehicle, she was a guest as defined under the "Guest Statute," which limited liability to those injuries resulting from wanton and wilful misconduct and thus precluded liability for negligence. See Burns' Ind. Stat. Anno. § 47-1021 (1965 Replacement), which reads as follows:

"47-1021 [10142.1]. Guest of owner or operator—Right to damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from *injuries* to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, *resulting from the operation thereof*, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle. [Acts 1929, ch. 201, § 1, p. 679; 1937, ch. 259, § 1, p. 1229.]" (Emphasis supplied).

A literal interpretation of this statute leads this court to the conclusion that the motor vehicle operator is not liable

for injuries resulting from the operation of said vehicle, unless caused by his wanton and wilful misconduct.

Before the appellee in the case at bar can invoke this statute to preclude herself from liability for negligence, the injuries must result from the operation of said motor vehicle.

The appellant herein is seeking recovery for additional injuries arising from the appellee's failure to render reasonable aid and assistance, and not for the initial injuries which resulted from the operation of the automobile. It is the opinion of this Court that appellant's cause of action for additional injuries is outside the scope of Sec. 47-1021 because these additional injuries did not arise until after the operation of the said automobile had ceased. Sec. 47-1021 is only applicable to those injuries resulting from the operation of the said vehicle. Thus the appellee cannot invoke Sec. 47-1021, *supra*, to limit his liability for these additional injuries to acts of wanton and wilful misconduct.

At common law, there is no general duty to aid a person who is in peril. *L. S. Ayres & Company* v. *Hicks* (1941), 220 Ind. 86, 40 N. E. 2d 334; *Hurley, Adm.* v. *Eddingfield* (1900), 156 Ind. 416, 59 N. E. 1058. However, in *L. S. Ayres & Company, supra,* page 94, the Supreme Court of Indiana held that "under some circumstances, moral and humanitarian consideration may require one to render assistance to another who has been injured, even though the injury was not due to the negligence on his part and may have been caused by the negligence of the injured party. Failure to render assistance in such a situation may constitute actionable negligence if the injury is aggravated through lack of due care." *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc. R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739; *Depue* v. *Flatau* (1907), 100 Minn. 29, 111 N. W. 1.

In *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc. R. Co., supra,* this court held that a railroad company was liable for failing

to provide medical assistance to an employee who was injured through no fault of the railroad company, but who was rendered helpless and by reason of which the employee's injuries were aggravated.

The Supreme Court of Indiana in *L. S. Ayres, supra,* found the appellant liable for aggravation of injuries when it failed to extricate the appellee, a six year old boy, whose fingers were caught in the moving parts of an escalator, even though the jury conclusively established that the appellant was not negligent with respect to the choice, construction, or manner of operating the elevator. In so holding, the Supreme Court stated that it may be deduced from *Tippecanoe Loan, etc. Co.* v. *Cleveland, etc. R. Co., supra,* "that there may be a legal obligation to take positive or affirmative steps to effect the rescue of a person who is helpless and in a situation of peril, when the one proceeded against is a master or an invitor, or when the injury resulted from use of an instrumentality under the control of the defendant."

The doctrine of law as set forth in Restatement (Second) of Torts, § 322, p. 133, adds credence to these two Indiana cases. "* * * If the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of future harm, the actor is under a duty to exercise reasonable care to prevent such further harm."

One distinction between the *Ayres, supra* and *Tippecanoe, supra* cases and the case at bar is that both of the former cases involve situations where an economic advantage flows to the defendant, while the case at bar does not. It is the opinion of this Court that an affirmative duty to render reasonable aid and assistance is not limited to those cases involving the flow of an economic advantage to the alleged defendant. The court, in both the above mentioned cases, stated that other relationship may impose a like obligation and it is the opinion of the Court that the case at bar

presents a situation in which an affirmative duty arises to render reasonable aid and assistance to one who is helpless and in a situation of peril, when the injury resulted from use of an instrumentality under the control of the defendant.

In the case at bar, the appellant received her injuries from an instrumentality under the control of the appellee. Under the rule stated above and on the authority of the cases cited, this was a sufficient relationship to impose a duty to render reasonable aid and assistance, a duty for the breach of which appellee is liable for the additional injuries suffered.

We are of the opinion that the court below erred in sustaining the demurrer to appellant's Second Amended Complaint.

This cause is reversed and remanded for proceedings not inconsistent with this opinion.

Judgment reversed.

Bierly and Smith, JJ., concur.

Cook, J., not participating.

NOTE.—Reported in 225 N. E. 2d 841.